THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BOEING COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | No.<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF |

Plaintiff The Boeing Company ("Boeing"), for its Complaint against Defendant the United States of America ("United States"), alleges and states as follows:

## I.  INTRODUCTION

1. This is a civil action under sections 107(a), 113(f), and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675.

2. Boeing seeks to recover from the United States the necessary costs of response that it has incurred or will incur in a manner consistent with the National Contingency Plan ("NCP"), 40 C.F.R. pt. 300 *et seq.*, caused by the release or threatened release of hazardous substances from facilities at property located at and near 7755 East Marginal Way South, in Seattle and Tukwila, Washington ("7755 Property") and facilities at property located at the intersection of East Marginal Way South and Diagonal Avenue, approximately bounded by the

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF (No. ) –1

129102434.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Duwamish River, Diagonal Avenue, Colorado Avenue, and Hudson Street ("Diagonal/Marginal Property"), solely to the extent those releases originated during the time that both the United States and Boeing owned or operated the facility from which there was a release or threatened release (the "Shared Sites"). Boeing's claims herein do not address any releases at the Shared Sites that occurred when the United States, but not Boeing, was the owner or operator of the sites.

3. The facilities located at the 7755 Property are sometimes referred to as: Plant 2; Air Force Plant 17; North Boeing Field; Slip 4 (an area of surface water and associated sediments northwest of and adjacent to a portion of Plant 2); and the Duwamish Sediments Other Area ("DSOA"), which is located west of and immediately adjacent to a portion of Plant 2. These facilities have been sometimes collectively referred to as the "Washington State Site."

4. The facilities located at the Diagonal/Marginal Property are sometimes referred to as Federal Center South; Air Force Plant 75; Boeing Plant 12; or the Missile Production Center.

## II.    JURISDICTION AND VENUE

5. This Court has exclusive jurisdiction over this action pursuant to section 113(b) of CERCLA, 42 U.S.C. § 9613(b). In addition, the Declaratory Judgments Act, 28 U.S.C. § 2201, and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), authorize this Court to grant Boeing's request for declaratory relief.

6. Venue in this Court is proper pursuant to section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the United States may be found in this District and the releases of hazardous substances alleged herein occurred in this District.

## III.    PARTIES

7. Plaintiff Boeing is a corporation duly formed under the laws of the State of Delaware, with its principal place of business in the State of Illinois.

8. Defendant United States includes all relevant agencies of the federal government, including the Department of Defense, Department of the Air Force, Department of the Army,

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF (No. ) –2

129102434.4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Department of the Navy, Army Corps of Engineers, and all other departments, agencies, and instrumentalities of the federal government that may be liable for response costs regarding the Shared Sites.

## IV.   FACTUAL BACKGROUND

**A.   The 7755 Property**

9. Under various government contracts dated from the 1940s, thousands of aircraft and aircraft parts were manufactured and tested for the United States military in facilities at the 7755 Property, including B-17, B-29, B-50, B-52, C-97, and KC-135 aircraft.

10. During the federal government's ownership or operation of facilities at the 7755 Property, hazardous substances were released as a result of manufacturing and testing military aircraft in support of the national defense, resulting in contamination of soil and groundwater in and around the 7755 Property.

**B.   The Federal Government's Involvement at the 7755 Property**

11. To meet the federal government's military needs in World War II, beginning in 1940, the United States and Boeing entered into a series of facilities contracts under which facilities at Plant 2 and North Boeing Field were expanded to support the nation's war effort. By the end of WWII, the facilities at Plant 2 and North Boeing Field had been expanded to include numerous additional buildings and pieces of equipment and machinery that were not in place before the war. Throughout the 1950s, facilities at Plant 2 and North Boeing Field were further expanded to add new design, engineering, manufacturing, testing, painting, electronics, and other buildings, as well as land, equipment, and machinery. By the end of the 1950s, Plant 2 and North Boeing Field contained numerous buildings and hundreds of acres of filled, graded, drained, and paved areas, as well as many thousands of pieces of manufacturing equipment and machinery.

12. A portion of Plant 2 included facilities so critical to the national defense that they were given an Air Force plant designation (Air Force Plant 17, or "AFP 17").

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (No. ) –3

129102434.4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

13. From approximately 1940 through 1966, the United States owned many of the buildings, land improvements, manufacturing and support equipment, and machinery at the 7755 Property, and also owned and leased land at the 7755 Property. The United States also owned various land improvements within the 7755 Property, including fill, stormwater and other drainage systems, and fill and paving to enable construction of buildings and to provide adequate paved areas for transporting, testing, and parking large bomber aircraft.

14. In 1966, the United States sold a portion of facilities at the 7755 Property (Plant 2/AFP 17 and North Boeing Field) to Boeing. Included in the sale were approximately 23 acres of land, many buildings and government-owned land improvements, and numerous pieces of manufacturing equipment and machinery.

15. From the late 1940s through at least 1966, the United States exercised pervasive control over operations at Plant 2/AFP 17 and North Boeing Field and was actively involved in manufacturing activities at Plant 2/AFP 17 and North Boeing Field, including the manner in which hazardous substances were purchased, supplied, used, stored, and disposed of at Plant 2/AFP 17 and North Boeing Field.

16. The United States determined both the type and quantity of military aircraft and components manufactured and tested at Plant 2/AFP 17 and North Boeing Field, as well as the pace of production.

17. The United States specified how such military aircraft and other products would be manufactured and what hazardous substances would be used during such manufacturing processes at Plant 2/AFP 17 and North Boeing Field.

18. The federal government knew waste generation was inherent in the military aircraft manufacturing processes conducted at Plant 2/AFP 17 and North Boeing Field.

19. The federal government owned the waste products generated during manufacturing processes at Plant 2/AFP 17 and North Boeing Field.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (No. ) –4

129102434.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

20. The United States controlled the price of aircraft and aircraft components manufactured and tested at Plant 2/AFP 17 and North Boeing Field.

21. The United States acted to ensure an adequate labor force, and participated in wage and other labor-related issues at Plant 2/AFP 17 and North Boeing Field, including granting military deferments to Boeing employees and obtaining wage increases for Boeing employees.

22. The United States participated in management decisions at Plant 2/AFP 17 and North Boeing Field. At various times, the staff of the resident Air Force Plant Representative's Office ("AFPRO") included several hundred personnel, consisting of inspectors, contracting officials, and others intimately involved in the management of operations at Plant 2/AFP 17 and North Boeing Field.

23. The United States controlled both the production and waste-handling processes at Plant 2/AFP 17 and North Boeing Field through regulations, contractual requirements, military specifications, and on-site inspections.

24. Military aircraft were manufactured at Plant 2/AFP 17 and North Boeing Field for the United States pursuant to supply contracts entered into by Boeing and the United States.

25. Pursuant to those supply contracts, the United States owned all the hazardous substances purchased and used to fulfill the contracts.

26. The United States continued to own these hazardous substances throughout the military aircraft manufacturing process.

27. Waste was created when products were used to manufacture military aircraft at Plant 2/AFP 17 and North Boeing Field.

28. Pursuant to these supply contracts, the United States owned the waste that was created when products were used for the manufacture and testing of military aircraft at Plant 2/AFP 17 and North Boeing Field.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF (No. ) –5

129102434.4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

29. The United States intended for Boeing to dispose of the waste that was created when products were used for the manufacture and testing of military aircraft at Plant 2/AFP 17 and North Boeing Field.

C.   **The Shared Sites and the Lower Duwamish Waterway**

30. The Duwamish Waterway is in an industrialized area and flows from the confluence of the Black and Green rivers in King County, Washington. Approximately 12 miles downstream of that confluence, the Duwamish Waterway enters Elliott Bay at the northern end of Harbor Island in Seattle. The "Lower Duwamish Waterway" as used in this Complaint means the approximately 5.5-mile northernmost portion of the Duwamish Waterway.

31. In 2001, the United States Environmental Protection Agency ("EPA") added the Lower Duwamish Waterway to the Superfund National Priorities List. In 2002, the Washington State Department of Ecology ("Ecology") added the Lower Duwamish Waterway to the Washington Hazardous Sites List.

32. During the federal government's ownership or operation of facilities at the Shared Sites, where military aircraft and other materiel were manufactured in support of the national defense, hazardous substances were released to the environment.

D.   **Boeing Cleanup Actions**

33. In 1994, EPA issued an Administrative Order on Consent ("1994 AOC") pursuant to section 3008(h) of RCRA, 42 U.S.C. § 6928(h), requiring various actions, including, but not limited to, investigating the nature and extent of contamination, analyzing remediation alternatives, and identifying and eliminating potential ongoing sources of contamination at Plant 2. Boeing's investigation and cleanup of contamination at Plant 2, North Boeing Field, and the DSOA was undertaken pursuant to and in compliance with the 1994 AOC.

34. In 2000, EPA and Ecology entered into an Administrative Order on Consent ("2000 AOC") pursuant to sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604, 9622(a), and 9622(d)(3), with Boeing, the Port of Seattle, King County, and the City of Seattle. The 2000

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF (No. ) –6

129102434.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

AOC required the respondent parties to conduct a remedial investigation/feasibility study and other actions related to the Lower Duwamish Waterway.

35. In 2006, EPA entered into an Administrative Settlement Agreement and Order on Consent for Removal Action ("2006 ASAOC") with the City of Seattle and King County. The 2006 ASAOC required the City of Seattle and King County to plan and perform a removal action to address contamination at the head of Slip 4.

36. In 2008, Ecology entered into an Agreed Order ("2008 AO") with the City of Seattle, King County, and Boeing to investigate and remediate potential uplands sources of contamination of Slip 4, including North Boeing Field.

37. Boeing agreed to pay for a portion of past and future Slip 4-related costs, both for Slip 4 remediation under the 2006 ASAOC and for uplands work under the 2008 AO.

38. In September 2010, Boeing and EPA executed an Administrative Settlement Agreement and Order on Consent for Removal Action ("2010 ASAOC") pursuant to sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604, 9622(a), and 9622(d)(3), requiring Boeing to treat North Boeing Field stormwater.

39. Pursuant to the above orders and agreements, as well as to respond to the release or threatened release of other hazardous substances, to date, Boeing has incurred: (a) over $200 Million in necessary response costs to investigate and remediate contamination at the 7755 Property; and (b) approximately $20 Million in necessary response costs to investigate and take other actions to address contamination in the Lower Duwamish Waterway. Boeing will continue to incur response costs in the future.

40. Boeing's response costs were necessary to respond to a release or threatened release of hazardous substances and were incurred in a manner consistent with the NCP.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF (No. ) –7

129102434.4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**FIRST CLAIM FOR RELIEF:**
**COST RECOVERY AND, IN THE ALTERNATIVE, CONTRIBUTION BASED ON DEFENDANT UNITED STATES' LIABILITY UNDER CERCLA**

41. Boeing repeats and realleges paragraphs 1 through 40 above, as though fully set forth herein.

42. Boeing has incurred necessary costs of response incurred in a manner consistent with the NCP under 42 U.S.C. § 9607(a)(4)(B) in response to the release or threatened release of hazardous substances.

43. The federal government (a) owned land, land improvements, buildings, equipment, machinery, and other facilities at the time hazardous substances were disposed and otherwise released at the Shared Sites; and (b) had the authority to or did in fact manage, direct, or otherwise control operations, including operations specifically related to the acquisition, storage, use, and disposal of hazardous substances, at the time hazardous substances were disposed and otherwise released at the Shared Sites.  The federal government therefore is a covered person within the meaning of section 107(a) of CERCLA, 42 U.S.C. § 9607(a) with respect to the Shared Sites.

44. Pursuant to sections 107(a)(4)(B) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607(a)(4)(B) and 9613(f)(1), Boeing is entitled to cost recovery and, in the alternative, contribution from the federal government for response costs incurred by Boeing or for which Boeing is deemed liable, solely with respect to releases or threatened releases of hazardous substances from any facility at the Shared Sites that occurred during the time that both the United States and Boeing owned or operated the facility from which there was a release or threatened release.  The response costs incurred by Boeing to address such releases should be allocated between the United States and Boeing using such equitable factors as this Court determines are appropriate.

45. Boeing is entitled to pre- and post-judgment interest on the amount recovered under this claim pursuant to 42 U.S.C. § 9607(a)(2).

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF (No. ) –8

129102434.4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**SECOND CLAIM FOR RELIEF:
DECLARATORY JUDGMENT OF LIABILITY FOR RESPONSE COSTS**

46. Boeing repeats and realleges paragraphs 1 through 45 above, as though fully set forth herein.

47. This is a claim for declaratory judgment under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201. Within the meaning of those statutes, an actual and substantial controversy exists between Boeing and the United States regarding their respective rights and obligations related to response costs that have been and will be incurred in connection with the Shared Sites.

48. Pursuant to 42 U.S.C. § 9613(g)(2), Boeing is entitled to a declaratory judgment that the United States is liable to Boeing for the United States' allocable share of the response costs incurred and to be incurred in the future, together with pre- and post-judgment interest, solely with respect to releases or threatened releases of hazardous substances from any facility at the Shared Sites that occurred during the time that both the United States and Boeing owned or operated the facility from which there was a release or threatened release.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Boeing demands judgment in its favor and against Defendant United States as follows:

1. As to the first claim for relief, for recovery of the United States' equitable share of past and future response costs consistent with the National Contingency Plan, including recoverable attorneys' fees, incurred by Boeing in connection with releases of hazardous substances from a facility at the Shared Sites that occurred during the time that both the United States and Boeing owned or operated the facility from which there was a release or threatened release;

2. As to the second claim for relief, for a judicial declaration that the United States is liable for its equitable share of response costs consistent with the National Contingency Plan

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF (No. ) –9

129102434.4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

incurred and to be incurred by Boeing in connection with releases or threatened releases of hazardous substances from any facility at the Shared Sites that occurred during the time that both the United States and Boeing owned or operated the facility from which there was a release or threatened release;

      3.    As to all claims for relief, for pre- and post-judgment interest on response costs incurred and to be incurred by Boeing; and

      4.    As to all claims for relief, for all costs and expenses incurred in this action, to the extent provided for by law, and such other and further relief as this Court may deem just and proper.

DATED: April 18, 2018

By: s/ Mark W. Schneider
By: s/ Meredith R. Weinberg
Mark W. Schneider #14105
Meredith R. Weinberg #45713
Attorneys for Plaintiff The Boeing Company
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:   MWSchneider@perkinscoie.com
             MWeinberg@perkinscoie.com

J. Steven Rogers, WSBA No. 42145
steven.rogers@boeing.com
Steven E. Rusak, WSBA No. 42365
steven.e.rusak@boeing.com
THE BOEING COMPANY
P.O. Box 3707 MC 7A-XP
Seattle, WA 98124
Telephone: 425.865.1074
Facsimile: 425.865.7998
Attorneys for Plaintiff
THE BOEING COMPANY

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (No. ) –10

129102434.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000